UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| SAMMY LEE MORRIS, | Case No. CV 19-5839-SVW (KK) |
|---|---|
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| E. BURRKHOUSE, ET AL., | |
| Defendants. | |

## I.
## **INTRODUCTION**

Plaintiff Sammy Lee Morris ("Plaintiff"), proceeding pro se and in forma pauperis, has filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging defendants E. Burrkhouse, C. King, M. Rosales, D. Schumacher, J. Anderson, J. Curiel and Dr. Scott ("Defendants") violated his Fourth, Eighth and Fourteenth Amendment rights. As discussed below, the Court dismisses the Complaint with leave to amend.

///
///
///
///

## II.

## **ALLEGATIONS IN THE COMPLAINT**

On June 30, 2019, Plaintiff, currently an inmate at California State Prison – CMF in Vacaville, California, constructively filed[1] a complaint ("Complaint") pursuant to Section 1983. Dkt. 1, Compl.[2] Plaintiff sues defendants E. Burrkhouse, C. King, M. Rosales, D. Schumacher, J. Anderson, J. Curiel, and Dr. Scott each in their individual capacity. Id. Specifically, Plaintiff appears to set forth the following four claims under two "cause of action" headings: (1) violation of his Eighth Amendment right to privacy by defendants Burrkhouse, King, Rosales, Schumacher, and Anderson; (2) violation of his Fourth Amendment right to privacy by defendants Burrkhouse, King, Rosales, Schumacher, and Anderson; (3) violation of his Eighth Amendment right to be free from cruel and unusual punishment by all Defendants based on requiring him to wear a control jumpsuit identifying him as a "sexual predator-offender" and subjecting him to "degrading name calling" and "threats of violence and death"; and (4) violation of his Fourteenth Amendment right to equal protection by all Defendants.

Plaintiff appears to allege that on or around May 17, 2018, while Plaintiff was an inmate at California State Prison – Los Angeles County ("CSP-LAC"), defendant Burrkhouse falsely accused Plaintiff of indecent exposure, resulting in a rules violation report. Id. at 11. Plaintiff alleges defendant Rosales reviewed the report with defendant Burrkhouse and "conspired to push the report forward" to convince defendant Schumacher (a lieutenant) to have defendant Anderson (a captain) classify the rules violation as "serious." Id. Plaintiff alleges that as a result, he was placed in

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

[2] The Court refers to the pages of the Complaint as if the Complaint were consecutively paginated.

administrative segregation with a yellow placard covering his cell window to identify him as a "sex offender" and was forced to wear a special jumpsuit whenever he left his cell, including to the exercise yard, "where other inmates viewed him as a sexual offender, calling him nasty names, and placing a target on him to be attacked because known sex offenders are usually attacked, and often fatally killed." Id. at 11-12.

Plaintiff further alleges he was ultimately placed in an "indecent exposure pilot program at California State Prison Corcoran ["CSP-Corcoran"] for 4 months," which "made him more of a 'target' with inmates and staff," and he was "attacked again." Id. at 13. Although unclear as to when,[3] Plaintiff alleges he was sent to Salinas Valley State Prison ("SVSP") because defendant Dr. Scott "conspired with defendant[] Burrkhouse to take [Plaintiff] for treatment and send [Plaintiff] to a war zone at SVSP Facility B yard." Id. at 12-13.

Plaintiff alleges defendant Curiel, the "appeal coordinator," withheld a grievance[4] Plaintiff had submitted "for 6 months then screen[ed] it all and tr[ied] to cancel it." Id. at 13. Plaintiff asserts he was ultimately "found not guilty of the Rule violation." Id.

Plaintiff seeks a declaratory judgment; compensatory, punitive and nominal damages; and attorneys' fees and costs.

///
///

---

[3] It is unclear whether this occurred before or after the May 17, 2018 incident. Plaintiff's timeline of events in the Complaint is difficult to discern, but it appears from Plaintiff's allegations that the May 17, 2018 incident occurred shortly after his return from SVSP and resulted in his transfer to the CSP-Corcoran pilot program. However, Plaintiff alleges that "at all times relevant to this civil action Plaintiff was incarcerated at CSP- Los Angeles" and that all Defendants were employed at CSP-LAC. Complaint at 9-10. Thus, the Court construes these statements in the Complaint to indicate that Plaintiff is challenging the May 17, 2018 rules violation report and resulting harm that occurred, which includes threats of violence and a possible "attack". Complaint at 12-13.

[4] The subject of the grievance is unclear based on Plaintiff's allegations in the Complaint; however, one of the grievances submitted with the Complaint appears to be reviewed by J. Curiel and contains allegations by Plaintiff against defendant Burrkhouse, alleging conspiracy and retaliation. See Complaint at 23-24.

3

# III.
# **STANDARD OF REVIEW**

Where a plaintiff is incarcerated and/or proceeding in forma pauperis, a court must screen the complaint under 28 U.S.C. §§ 1915 and 1915A and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of

underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

**IV.**

**DISCUSSION**

**A.    PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF HIS EIGHTH AMENDMENT RIGHT TO PRIVACY**

Plaintiff appears to allege a violation of his Eighth Amendment right to privacy when he was subjected to "the glare of [guards of] the opposite sex while performing personal bodily functions in his cell" when defendant Burrkhouse issued her indecent exposure violation. See Complaint at 14. Plaintiff also alleges defendants King, Rosales, Schumacher, and Anderson knew about such violation. Id.

///

1. **Applicable Law**

Prisoners have an Eighth Amendment right to be free from sexual abuse. Schwenk v. Hartford, 204 F.3d 1187, 1196-97 (9th Cir. 2000). However, the Eighth Amendment "do[es] not necessarily extend to mere verbal sexual harassment." Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Minifield v. Butikofer, 298 F. Supp. 2d 900, 903-04 (N.D. Cal. 2004) ("Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983."). The Ninth Circuit has, thus, held visual "searches and shower viewing" not involving physical contact, even when combined with gawking, pointing, and joking, does not violate the Eighth Amendment. Somers v. Thurman, 109 F.3d 614, 624 (9th Cir. 1997) ("To hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd.").

2. **Analysis**

Here, Plaintiff's allegation that he was subjected to "the glare of [guards of] the opposite sex while performing personal bodily functions in his cell," see Complaint at 14, does not "establish conduct objectively harmful enough to establish a constitutional violation." See Somers, 109 F.3d at 622. Plaintiff does not allege any physical contact, or even any gawking, pointing, or joking by any defendant. Id. Hence, Plaintiff's claim for violation of his right to privacy under the Eighth Amendment is subject to dismissal.

**B. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF HIS FOURTH AMENDMENT RIGHT TO PRIVACY**

Plaintiff also appears to allege a violation of his privacy rights under the Fourth Amendment to be free from "unreasonable searches and the glare of the opposite sex while performing personal bodily functions in his cell." See Complaint at 14.

///

///

### 1. Applicable Law

The Supreme Court has held that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." Hudson v. Palmer, 468 U.S. 517, 526, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984). The Court noted "[t]he recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions." Id.

"The Ninth Circuit has nevertheless recognized that prisoners do retain limited rights to bodily privacy under the Fourth Amendment." Lay v. Porker, 371 F. Supp. 2d 1159, 1164 (C.D. Cal. 2004) (citing Michenfelder v. Sumner, 860 F.2d 328, 333-34 (9th Cir. 1988) ("We recognize that incarcerated prisoners retain a limited right to bodily privacy.")); Bull v. San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010) (en banc) (holding "[t]he Fourth Amendment applies to the invasion of bodily privacy in prisons and jails"). The Ninth Circuit has, thus, found strip searches that are "excessive, vindictive, harassing, or unrelated to any legitimate penological interest" may be unconstitutional. Michenfelder, 860 F.2d at 332. However, as the court also stated "we cannot assume from the fact that the searches cause immense anguish that they therefore violate protected Fourth Amendment interests. Far from it, our prior case law suggests that prisoners' legitimate expectations of bodily privacy from persons of the opposite sex are extremely limited." Jordan v. Gardner, 986 F.2d 1521, 1524 (9th Cir. 1993); see also Michenfelder, 860 F.2d at 322 (visual body-cavity searches of male inmates conducted within view of female guards held constitutional). Nonetheless, the Ninth Circuit recently held alleged cross-gender viewing of pre-trial detainees "in showers and toilets frequently and up close" was sufficient to state a claim under the Fourth Amendment. Byrd v. Maricopa Cty. Bd. of Supervisors, 845 F.3d 919, 923 (9th Cir. 2017) (emphasis added).

///

///

7

**2. Analysis**

Here, Plaintiff alleges his Fourth Amendment right to privacy was violated by "defendant Burrkhouse, and defendant[s] King, Rosales Schumacher, and Anderson who had known of the violation." Complaint at 14. As a preliminary matter, it is unclear precisely which of defendant Burrkhouse's actions allegedly violated Plaintiff's privacy. Plaintiff alleges defendant Burrkhouse falsely accused him of indecent exposure, but provides no facts related to the incident, other than alleging "Plaintiff was in the cell when … Burrkhouse had accused Plaintiff of indecent exposure." Id. at 11. Plaintiff also alleges he was subjected to "the glare of [guards of] the opposite sex while performing personal bodily functions in his cell." Id. at 14. Nevertheless, neither allegation states a claim for violation of the Fourth Amendment.

First, defendant Burrkhouse's accusation and report, without more, does not sufficiently allege a privacy violation under the Fourth Amendment. Similarly, being subjected to the "glare" of guards of the opposite sex while performing bodily functions is insufficient to state a privacy violation under the Fourth Amendment. Notably, Plaintiff fails to allege the "glare" was "excessive, vindictive, harassing, or unrelated to any legitimate penological interest." See Michenfelder, 860 F.2d at 332. Nor does he allege "frequent" or "up close" observation. See Byrd, 845 F.3d at 923. Hence, Plaintiff's claim for violation of his right to privacy under the Fourth Amendment is subject to dismissal.[5]

///
///
///

---

[5] Even if Plaintiff sufficiently alleged a Fourth Amendment violation based on frequent and up-close observation of him "performing his personal bodily functions" by guards of the opposite gender, the law to that effect was not clearly established at the time of the alleged violation and Defendants would therefore be entitled to qualified immunity. Pearson v. Callahan, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)); Hudson v. Palmer, 468 U.S. 517, 526, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984).

8

1  **C.  PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT**
2  **EQUAL PROTECTION CLAIM**

3  **1.  Applicable Law**

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."  City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216, 102 S. Ct. 2382, 72 L. Ed. 2d 786 (1982)).  In order to state a Section 1983 equal protection claim, a plaintiff must allege he was treated differently from others who were similarly situated without a rational basis or discriminated against based on his membership in a protected class.  See Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (requirements for Section 1983 equal protection claim based on membership in protected class); Gallo v. Burson, 568 F. App'x 516, 517 (9th Cir. 2014) (affirming district court dismissal of inmate's equal protection claim).[6]

**2.  Analysis**

Here, Plaintiff's equal protection claim fails.  Plaintiff simply alleges he has a right "to be treated equally and fairly as similar situated others."  Complaint at 16.  Plaintiff fails to allege facts showing Defendants treated him differently from others similarly situated without a rational basis or discriminated against him based on his membership in a protected class.  In fact, Plaintiff has not even identified any similarly situated inmates who were treated differently from him.  See id.  Therefore, Plaintiff's equal protection claim must be dismissed.

///
///
///

---

[6] The Court may cite to unpublished Ninth Circuit opinions issued on or after January 1, 2007.  U.S. Ct. App. 9th Cir. R. 36-3(b); Fed. R. App. P. 32.1(a).

9

# V.

## **LEAVE TO FILE FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in his First Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims

asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

///
///
///
///
///

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: August 26, 2019

/s/ Kenly Kiya Kato
HONORABLE KENLY KIYA KATO
United States Magistrate Judge