1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| 10   SAMMY LEE MORRIS, | Case No. CV 19-5839-SVW (KK) |
| 11                          Plaintiff, | |
| 12             v. | ORDER DISMISSING COMPLAINT |
| 13   E. BURRKHOUSE, ET AL., | WITH LEAVE TO AMEND AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT |
| 14                          Defendants. | |
| 15 | |

16

17                                  **I.**

18                        **INTRODUCTION**

19        Plaintiff Sammy Lee Morris ("Plaintiff"), proceeding <u>pro se</u> and <u>in forma</u>

20   <u>pauperis</u>, has filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983").  The

21   sole remaining claim in the Complaint appears to be an Eighth Amendment claim

22   against defendants E. Burrkhouse, C. King, M. Rosales, D. Schumacher, J. Anderson,

23   J. Curiel, and Dr. Scott ("Defendants").  Defendants have filed a Motion to Dismiss

24   the Complaint.  As discussed below, the Court dismisses the Complaint with leave to

25   amend and denies Defendants' Motion to Dismiss as MOOT.

26   ///

27   ///

28   ///

## II.

## **BACKGROUND**

On June 30, 2019, Plaintiff constructively filed[1] the Complaint pursuant to Section 1983.  Dkt. 1, Compl.  The Complaint appeared to set forth the following claims under two "cause of action" headings: (1) violation of Plaintiff's Eighth Amendment right to privacy by defendants Burrkhouse, King, Rosales, Schumacher, and Anderson; (2) violation of Plaintiff's Fourth Amendment right to privacy by defendants Burrkhouse, King, Rosales, Schumacher, and Anderson; (3) violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by all Defendants based on requiring him to wear a control jumpsuit identifying him as a "sexual predator-offender" and subjecting him to "degrading name calling" and "threats of violence and death"; and (4) violation of Plaintiff's Fourteenth Amendment right to equal protection by all Defendants.  Id. at 14-17.  Additionally, as discussed below, the Court now offers Plaintiff the opportunity to clarify whether he seeks to bring a claim for a violation of Plaintiff's First Amendment rights based on retaliation by defendant Curiel.

On August 28, 2019, the Court issued an Order Dismissing the Complaint with Leave to Amend.  Dkt. 10.

On September 4 and 5, 2019, as one document, see dkt. 11, Plaintiff constructively filed a "Notice of Dismissal" voluntarily dismissing his privacy and equal protection claims from the Complaint, indicating "notice of dismissal (1) (2) (4) from Complaint", id. at 1, and a First Amended Complaint ("FAC"), id. at 2-8, stating Plaintiff was requesting to "[p]roceed on the remaining violation of his Eighth Amendment Right to be free from cruel and unusual punishment by all Defendants . . . . Plaintiff sues defendants E. Burrkhouse, C. King, M. Rosales, D. Schumacher, J.

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

Anderson, J. Curiel, and Dr. Scott each in their individual capacity", <u>id.</u> at 7, and "Plaintiff voluntarily dismiss[es] the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a) Notice of Dismissal (1) (2) (4) from Complaint," <u>id.</u> at 6.

On September 18, 2019, the Court issued an Order construing Plaintiff's filing as "voluntarily dismiss[ing] the claims identified as deficient in the Court's August 26, 2019 Order and seek[ing] to proceed with his Eighth Amendment claim against all Defendants set forth in the Original Complaint". Dkt. 13. The Court instructed, "If Plaintiff disagrees with the Court's construction, he shall file a statement clarifying his intent no later than fourteen (14) days from the date of this Order. If Plaintiff does not respond to this Order, the Court will construe the Original Complaint as the operative complaint alleging a single Eighth Amendment Claim against Defendants and will order service of the Original Complaint on Defendants." <u>Id.</u> Plaintiff did not respond.

On March 5, 2020, Defendants filed a Motion to Dismiss the Complaint, arguing (a) Plaintiff fails to state an Eighth Amendment claim; (b) Defendants are entitled to qualified immunity; and (c) the Complaint violates Rule 8 of the Federal Rules of Civil Procedure.[2] Dkt. 41. On March 16, 2020, Plaintiff constructively filed an Opposition. Dkt. 45. Defendants did not file a Reply.

### III.

### ALLEGATIONS IN THE COMPLAINT

In the Complaint, Plaintiff alleges that on May 17, 2018, while Plaintiff was an inmate at California State Prison – Los Angeles County ("CSP-LAC"), defendant Burrkhouse falsely accused Plaintiff of indecent exposure, resulting in a rules violation report. Dkt. 1 at 11. Plaintiff alleges defendant Rosales reviewed the report with defendant Burrkhouse and "conspired to push the report forward" to convince defendant Schumacher (a lieutenant) to have defendant Anderson (a captain) classify

---

[2] Because the Court dismisses the Complaint with leave to amend, Defendants' Motion to Dismiss is denied as MOOT.

the rules violation as "serious" despite knowing that neither the "factual nor the legal elements" were sufficient to sustain defendant Burrkhouse's accusation.  Id.  Plaintiff alleges that as a result of the rule violation report and the "sexual abuse and arbitrary actions of Defendants," he was placed in administrative segregation with a yellow placard covering his cell window to identify him as a "sex offender" and was forced to wear a special jumpsuit whenever he left his cell, including to therapy groups, medical and dental appointments, the exercise yard, "where other inmates viewed him as a sexual offender, calling him nasty names, and placing a target on him to be attacked because known sex offenders are usually attacked, and often fatally killed."  Id. at 11-12.  Plaintiff specifically alleges he was subjected to "threats of violence and death . . . each time he would leave his cell being exposed in the jumpsuits in front of others."  Id. at 15.  Plaintiff alleges "known sexual predators offenders are always subjected to violence even death by other inmates."  Id.

Plaintiff further alleges he was ultimately placed in an "indecent exposure pilot program at California State Prison Corcoran ['CSP-Corcoran'] for 4 months," which "made him more of a 'target' with inmates and staff," and he was "attacked again." Id. at 13.  Although unclear as to when,[3] Plaintiff alleges he was sent to Salinas Valley State Prison ("SVSP") because defendant Scott "conspired with defendant[] Burrkhouse to take [Plaintiff] for treatment and send [Plaintiff] to a war zone at SVSP Facility B yard."  Id. at 12-13.

Plaintiff asserts he was ultimately "found not guilty of the Rule violation."  Id. at 13.

---

[3] It is unclear whether this occurred before or after the May 17, 2018 incident. Plaintiff's timeline of events in the Complaint is difficult to discern, but it appears from Plaintiff's allegations that the May 17, 2018 incident occurred shortly after his return from SVSP and resulted in his transfer to the CSP-Corcoran pilot program. Plaintiff alleges, however, that "at all times relevant to this civil action Plaintiff was incarcerated at CSP- Los Angeles" and that all Defendants were employed at CSP-LAC.  Complaint at 9-10.  Thus, the Court construes these statements in the Complaint to indicate that Plaintiff is challenging the May 17, 2018 rules violation report and resulting harm that occurred, which includes threats of violence and a possible "attack".  Complaint at 12-13.

4

**IV.**

**STANDARD OF REVIEW**

Where a plaintiff is incarcerated and/or proceeding <u>in forma pauperis</u>, a court must screen the complaint under 28 U.S.C. §§ 1915 and 1915A and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A; <u>see</u> <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  <u>See</u> <u>Watison v. Carter</u>, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  <u>Zamani v. Carnes</u>, 491 F.3d 990, 996 (9th Cir. 2007).  In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it.  <u>Hamilton v. Brown</u>, 630 F.3d 889, 892-93 (9th Cir. 2011).  However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  <u>In re</u> <u>Gilead Scis. Sec. Litig.</u>, 536 F.3d 1049, 1055 (9th Cir. 2008).  Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  <u>Cook v. Brewer</u>, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u>  The complaint "must contain sufficient allegations of

underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## V.

## DISCUSSION

## A.   PLAINTIFF FAILS TO STATE AN EIGHTH AMENDMENT CLAIM AGAINST DEFENDANTS KING, SCOTT, AND CURIEL

### 1.   Applicable Law

"The Eighth Amendment imposes a duty on prison officials to protect inmates from violence at the hands of other inmates." Cortez v. Skol, 776 F.3d 1046, 1050 (9th Cir. 2015). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. See, e.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S. Ct. 1970, 128 L. Ed.

2d 811 (1994); Harris v. Roberts, 719 F. Supp. 879, 880 (N.D. Cal. 1989) ("Allegations that [prison] officials were deliberately indifferent to the threat of serious harm or injury to a prisoner may provide a basis for relief." (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980))).  Deliberate indifference requires a showing of both objective and subjective components.  Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).  The objective component requires a prisoner demonstrate "he was deprived of something sufficiently serious."  Foster v. Runnells, 554 F.3d 807, 812 (9th Cir. 2009) (quoting Farmer, 511 U.S. at 834).  The risk must be "substantial," but it is well settled "a prisoner need not wait until he is actually assaulted before obtaining relief." Helling v. McKinney, 509 U.S. 25, 33, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993); see also Farmer, 511 U.S. at 845.

The subjective component requires prison officials acted with the culpable mental state, which is "deliberate indifference" to the inmate's health or safety. Farmer, 511 U.S. at 837-38; Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (stating deliberate indifference "constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment" (citation omitted)). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837-38.  "A fact-finder may infer subjective awareness from circumstantial evidence."  Wilk v. Neven, No. 17-17355, 2020 WL 1949281, at *3 (9th Cir. Apr. 23, 2020) (citations omitted).

### 2.    Analysis

Here, Plaintiff does not sufficiently allege facts to state an Eighth Amendment Claim against defendants King, Scott, or Curiel.  In the Complaint's "cause of action" description, Plaintiff alleges defendants King, Scott and Curiel (along with defendants

Rosales, Schumacher and Anderson) "had known or should have known [defendant Burrkhouse's] allegations did not contain the factual nor legal elements to sustain the charges" of an indecent exposure charge, and "joined in to impose further harm, pain and suffering upon Plaintiff resulting in his ad-seg placement, yellow window covering, and control jumpsuit placement . . . for no legitimate, just cause, but purposely to cause harm." Dkt. 1 at 16. However, while Plaintiff sets forth additional, specific allegations against defendants Rosales, Schumacher and Anderson, id. at 11, Plaintiff's allegations that defendants King, Scott and Curiel knew of the rules violation issued by defendant Burrkhouse and "joined in" to impose harm are conclusory and not supported by any facts. Plaintiff's allegations that defendant Scott "conspired with defendant[] Burrkhouse to take [Plaintiff] for treatment and send [Plaintiff] to a war zone at SVSP Facility B yard" are similarly conclusory. Additionally, Plaintiff fails to demonstrate how defendant Scott's alleged participation in a decision to send Plaintiff to SVSP, which appears to have occurred before the May 17, 2018 indecent exposure incident, is related to the other allegations in the Complaint, or constitutes deliberate indifference to a substantial risk of serious harm. Id. at 12-13.

Accordingly, the Eighth Amendment cruel and unusual punishment claims against defendants King, Scott and Curiel are subject to dismissal.

**B.    TO THE EXTENT PLAINTIFF SEEKS TO STATE A FIRST AMENDMENT RETALIATION CLAIM AGAINST DEFENDANT CURIEL THIS CLAIM FAILS**

### 1.    Applicable Law

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citation omitted); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) [a]n assertion that [a prison official] took

some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); see Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) (observing prisoner "must show that there were no legitimate correctional purposes motivating the actions he complained of").

Adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity.  Pinard v. Clatskanie School District, 467 F.3d 755, 770 (9th Cir. 2006).  Though an adverse action need not be an independent constitutional violation, inconsequential or de minimis harms do not constitute adverse actions. Watison, 668 F.3d at 1114 (to support a claim, a harm must be "more than minimal").

### 2. Analysis

It does not appear based on the structure of the Complaint that Plaintiff seeks to raise a First Amendment retaliation claim at this time.  However, out of an abundance of caution, to the extent Plaintiff seeks to raise a First Amendment claim for retaliation against defendant Curiel, this claim is subject to dismissal.[4]

Plaintiff alleges defendant Curiel, the "appeal coordinator," withheld a grievance[5] Plaintiff had submitted "for 6 months then screen[ed] it all and tr[ied] to

_____

[4] The First Amendment retaliation allegations against defendant Curiel are not set forth under the "cause of action" headings, nor did Plaintiff ever assert a First Amendment retaliation claim when responding to the Court's orders.  See, e.g., dkt. 11 (Plaintiff's request to "[p]roceed on the remaining violation of his Eighth Amendment Right to be free from cruel and unusual punishment by all Defendants"); dkt. 13 (Order warning Plaintiff, who did not respond to the Order, "If Plaintiff does not respond to this Order, the Court will construe the Original Complaint as the operative complaint alleging a single Eighth Amendment Claim against Defendants and will order service of the Original Complaint on Defendants.").  If Plaintiff wishes to assert a First Amendment claim against defendant Curiel, he must clearly state so in his response to this Order.  If Plaintiff responds by filing a First Amended Complaint, the First Amended Complaint must clearly indicate Plaintiff is asserting a First Amendment claim against defendant Curiel, including supporting factual allegations. If Plaintiff responds by notifying the Court he wishes to stand on the allegations in his Complaint, the Court will submit to the assigned district judge a recommendation that the First Amendment claim against defendant Curiel discussed herein be dismissed with prejudice for failure to state a claim.

[5] The subject of the grievance is unclear based on Plaintiff's allegations in the Complaint; however, one of the grievances submitted with the Complaint appears to

1  cancel it." Id. at 13.  Plaintiff asserts "Defendant J. Curiel – appeals coordinator –

2  retaliation and conspiracy to violate inmates' first amendment right.  The primary

3  problem concerts California Department of Corrections and Rehabilitation (CDCR)

4  conspiratorial practice to violate inmates First Amendment Rights, part of this

5  practice consists of manifold reprisals and deliberate disregard for rules and

6  regulations which govern their duty to receive, process and answer inmates

7  grievance[s] . . . ." Id. at 18.

8       Plaintiff's conclusory allegations, however, do not establish defendant Curiel

9  took adverse action against Plaintiff because of any protected conduct by Plaintiff.

10  For instance, Plaintiff does not explain why defendant Curiel allegedly "withheld" and

11  tried to screen and cancel the grievance.  Plaintiff also does not allege how such action

12  chilled the exercise of his First Amendment rights.  Moreover, Plaintiff is not entitled

13  to any particular response to his grievances or to have his grievances "processed to

14  [his] liking." See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no

15  legitimate claim of entitlement to a grievance procedure."); Jordan v. Asuncion, No.

16  CV 17-1283 PSG (SS), 2018 WL 2106464, at *3 (C.D. Cal. May 7, 2018) ("[A]

17  prisoner [does not] have a constitutional right to any particular grievance outcome.");

18  see also Carter v. Cannedy, No. 08 CV 2381 JCW, 2010 WL 3210856, at *3 (E.D. Cal.

19  Aug. 10, 2010) (noting "a prisoner's right to petition the government is a right of

20  expression and 'does not guarantee a response to the petition or the right to compel

21  government officials to act on' the petition").

22       Accordingly, to the extent Plaintiff seeks to bring a First Amendment

23  retaliation claim against defendant Curiel, the claim is subject to dismissal.

24  ///

25  ///

26  ///

27  _____

28  be reviewed by J. Curiel and contains allegations by Plaintiff against defendant
Burrkhouse, alleging conspiracy and retaliation.  Dkt. 1 at 23-24.

# VI.

## LEAVE TO FILE FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal.  As the Court is unable to determine whether amendment would be futile, leave to amend is granted.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  Plaintiff is advised that the Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim.  Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action.  However, if Plaintiff asserts a claim in his First Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following three options:

1.      Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above.  <u>The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.</u>

If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims

asserted in the Complaint.  In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat all preceding complaints as nonexistent.  Id.  **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.**  Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted.  "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'"  Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261.  Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2.     Alternatively, Plaintiff may file a notice with the Court that he intends to stand on the allegations in his Complaint.  If Plaintiff chooses to stand on the Complaint despite the deficiencies in the claims identified above, then the Court will submit a recommendation to the assigned district judge **that the deficient claims discussed in this Order be dismissed with prejudice for failure to state a claim**, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.  If the assigned district judge accepts the findings and recommendations of the undersigned Magistrate Judge and dismisses the deficient claims discussed in this Order, the Court

will issue a separate order regarding service of any claims remaining in the Complaint at that time.

3. Finally, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). <u>The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.</u>

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated:  May 11, 2020

HONORABLE KENLY KIYA KATO
United States Magistrate Judge